**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTIAN DATH,<br>1034 Northridge Drive<br>Eagleville, PA 19403 | : | CIVIL ACTION - LAW |
| | : | |
| | : | NO. |
| Plaintiff, | : | *Electronically Filed* |
| vs. | : | |
| | : | JURY TRIAL OF 12 DEMANDED |
| B.E. WALLACE PRODUCTS CORP.,<br>d/b/a WALLACE CRANES,<br>SUSAN WERNER, and<br>SHERRY DE CARVILLE,<br>71 N. Bacton Hill Road,<br>Malvern, PA 19355 | : | COLLECTIVE ACTION -- FLSA |
| Defendants. | : | |

**COMPLAINT**

1. This is a collective action on behalf of production workers who have been misclassified by Defendants as independent contractors, and denied the benefits of being employees, including improper withholdings, denial of overtime pay and denial of the benefits to which they are entitled under Defendant B.E. Wallace's ERISA-governed employee welfare benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it arises under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act ("ERISA"). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

4. Plaintiff brings this action because he has been improperly misclassified as a non-employee, denied timely payment of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), and denied employee benefits owed to him under certain ERISA-governed employee welfare and benefit plans and/or programs that Defendants maintain for their employees. Plaintiff also brings state law breach of contract and Wage Payment and Collection Law claims.

5. Plaintiff Christian Dath is a citizen of Pennsylvania who resides at 1034 Northridge Drive, Eagleville, Pennsylvania, in Chester County.

6. Defendant B.E. Wallace Products Corp., d/b/a Wallace Cranes, ("B.E. Wallace") is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania which has its principal place of business at 71 N. Bacton Hill Rd, Malvern, PA 19355.

7. Defendant Susan Werner is the owner of B.E. Wallace. Defendant Werner exercises significant operational control over the corporate affairs of Defendant B.E. Wallace.

8. Defendant Sherry de Carville, daughter of Defendant Werner, is the President of B.E. Wallace. Defendant de Carville exercises significant operational control over the corporate affairs of Defendant B.E. Wallace.

9. Defendant B.E. Wallace has manufactured portable gantry cranes for over sixty years in Chester County, Pennsylvania under the name Wallace Cranes.

10. Plaintiff has worked for B.E. Wallace for four years as a production worker, and then as a Team Captain. Plaintiff has never been paid on a salary basis.

11. When Plaintiff came to work at B.E. Wallace in 2022, he had all of the duties of a regular employee, but he was paid via 1099, as though he were an independent contractor. Later in 2022, the employer told him that he could be paid as a W-2 employee if he preferred, because his probationary period was over, but it was legal for him to be paid via 1099 and he would be better off being a 1099 contractor because he could deduct things like his commuting expenses.

12. Plaintiff later learned that the employer's representations that it was legal to pay him via 1099 with no withholdings, and its representations that he would be better off financially being paid via 1099 because he could deduct many expenses such as his commuting expenses, were incorrect and false.

13. Plaintiff relied on Defendant's false representations regarding his 1099 status in continuing to work for B.E. Wallace.

14. Plaintiff was damaged by Defendant's false representations regarding his 1099 status.

15. Plaintiff agreed and performed his work diligently for over four years to fulfill his part of the bargain. At all times, Plaintiff preferred to be paid via W-2, wanted to be paid in a legal fashion, and believed that the employer had agreed to pay him in a lawful way.

16. On April 24, 2024, Defendant de Carville wrote a letter in which she stated that "Christian has been employed with Wallace Cranes since June 13, 2022 as a 1099 contractor. He has been offered full-time employment with the company however he prefers at this time to remain a 1099 contractor."

17. It is not a matter of an employee's choice whether he is paid as a 1099 contractor or as an employee, with tax/FICA withholdings. Rather, Defendants were at all times legally required to treat Plaintiff as a common law and W-2 employee, but willfully chose not to for their own financial benefit.

18. Based on Plaintiff's duties, he should have been classified as an employee, not as an independent contractor, starting on his first day of work. B.E. Wallace had total control of and direction of his work, which took place on B.E. Wallace's premises under the direction of its managers, using B.E. Wallace's materials, tools and equipment.

19. At all times B.E. Wallace decided how and when the work would be done, and assigned the work to be performed.

20. Plaintiff was paid by B.E. Wallace strictly on the basis of hours worked, with no opportunity to earn extra profit through his own business decisions.

21. Plaintiff worked regular hours, 6:00 a.m. to 3:30 p.m., Monday through Thursday, until August 2026 when he started working part time to enable him to go back to school.

22. Plaintiff does not have an independent trade or business.

23. Plaintiff is not exempt from the overtime requirements of the Fair Labor Standards Act.

24. Even after Defendants acknowledged that Plaintiff was a W-2 employee, beginning in late 2024, Defendants continued to pay Plaintiff's overtime pay on a 1099 basis, with no tax withholdings. In addition, Defendants paid overtime at a straight time rate, without regard for the legal requirement that hours

over forty per week were required to be paid at an overtime rate of one and one half times Plaintiff's regular rate.

**Collective Action Allegations:**

25. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiff and other similarly situated employees are individuals who are, or were, employed by Defendant as purported 1099 independent contractors, but who meet the definition of common law employees, during the time period of three years prior to the filing of this action (the "Collective Members"). The putative class of Collective Members has been engaged in commerce as required by the FLSA.

26. Named Plaintiff and the Collective Members are similarly situated, have substantially similar pay provisions, and were all subject to Defendant's unlawful policies and practices as described herein.

27. There are numerous similarly situated current and former employees of Defendants who would benefit from the issuance of a Court-supervised Notice of this action and the opportunity to join it.

28. Similarly situated employees are known to Defendant, are readily identifiable to Defendant, and can be located through Defendant's records.

29. Plaintiff was at all times a non-exempt employee under the Fair Labor Standards Act, and not an independent contractor.

30. Defendant misclassified Plaintiff and other production workers as exempt independent contractors, despite the fact that they do not fall within the definition of independent contractors.

**Employee Benefit Plans, Programs and Promises:**

31. Defendant B.E. Wallace maintains written welfare and benefit programs and/or plans that cover all employees, including common law employees like Plaintiff and the Collective Members.

32. Defendant's written programs and/or plans promise employees who have completed 90 days of full-time employment with health insurance paid 75% by the employer, (with compensation if waived), life insurance, short term and long term disability insurance.

33. Defendant's written programs and/or plans promise employees who have completed one year paid vacation.

34. Defendant's written programs and/or plans promise employees who have completed six months of employment with paid sick time.

35. Defendant's written programs and/or plans provide that regular employee hours are a thirty-six hour week, 6:00 a.m. to 3:30 p.m., with a half hour lunch and two ten-minute breaks.

36. Defendant's written programs and/or plans promise employees one pair of safety shoes per year.

37. Defendant B.E. Wallace has never provided Plaintiff with the benefits he was promised and to which he is entitled to under its employee benefit programs and/or plans.

38. Defendants are employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), and within the meaning of the Pennsylvania Wage Payment and Collection Law, enterprises within the meaning of 29 U.S.C. §203(r) and are engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

39. It was routine for Defendants to require Plaintiff to work in excess of forty hours in a workweek.

40. Under the Fair Labor Standards Act, because Defendants and Plaintiff were engaged in interstate commerce, and because Defendants have more than $500,000 per year in revenue, Defendants are covered employers under the law and were obligated to pay Plaintiff time and a half overtime for all time worked in excess of 40 hours in a week.

41. Defendants have failed to record, report, credit and/or compensate Plaintiff at the legal overtime rate of time and one half for overtime worked, and Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA and the WPCL.

**COUNT ONE**

**PLAINTIFF CHRISTIAN DATH, on behalf of himself and all those similarly situated, v. ALL DEFENDANTS**

**Violation of Fair Labor Standards Act**
**Payment of Overtime Requirements**

42. Plaintiff, on behalf of himself and all similarly situated current and former employees of Defendant, realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

43. At all times relevant, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

44. At all times relevant to this Complaint, Plaintiff and the Collective Members were Defendants' "employees" as defined by the FLSA, §203(e)(1).

45. At all times relevant, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

46. The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek. See 29 U.S.C. §206(a)-(b).

47. The FLSA requires that employers compensate all non-exempt employees who work in excess of forty hours in a work week at a rate of not less than one- and one-half times the regular rate at which they are employed. See 29 U.S.C. §207(a)(1).

48. At all times relevant to this Complaint, Plaintiff and the Collective Members were not exempt from the minimum wage or overtime provisions of the FLSA.

49. Defendants failed to pay Plaintiff and the Collective Members for work in excess of forty hours per week at their overtime rate of one and one half times their regular rate.

50. In violating the FLSA, Defendants acted willfully, without a good-faith basis and with reckless disregard of applicable federal law.

51. Accordingly, Plaintiff and the Collective Members are entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular pay, plus time-and-a-half for hours worked over forty in a week, plus liquidated damages, attorneys' fees and costs.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

53. Due to Defendants' FLSA violations, Plaintiff and the Collective Members are entitled to recover from Defendants their unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully prays for judgment in his favor and in favor of the Collective Members against Defendants as follows:

a. for an Order awarding Plaintiff and the Collective Members back wages that have been improperly withheld;

b. for an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages; and

c. for an Order awarding attorneys' fees and costs, and an *Eshelman* tax gross up.

**COUNT TWO**

**PLAINTIFF CHRISTIAN DATH v. DEFENDANT B.E. WALLACE**

**ERISA Denial of Benefits**

54. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows: for an Order awarding Plaintiff (1) benefits that have been improperly withheld; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT THREE

## PLAINTIFF CHRISTIAN DATH v. ALL DEFENDANTS

## Violation of Pennsylvania Wage Payment and Collection Law

55. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

56. Plaintiff was entitled under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. Ann. §260.1 *et seq.*, to be paid for all of the hours he worked, in a timely manner. The Law requires payment of overtime wages in the next succeeding pay period.

57. Plaintiff was entitled under the PWPCL to payment of all benefits he was promised, including vacation, holidays and sick days.

58. Defendants did not pay Plaintiff in a timely manner for all of the hours he worked.

59. Defendants did not provide Plaintiff with the benefits Defendants promised he would receive once he completed the agreed upon time period of service.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount

for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT FOUR**

**PLAINTIFF CHRISTIAN DATH v. DEFENDANT B.E. WALLACE**

**Breach of Contract – Denial of Agreed Upon Wages and Benefits**

60. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

61. Plaintiff and Defendant B.E. Wallace entered into a binding contract supported by consideration that provided that after Plaintiff worked the agreed upon time period, he would be entitled to be treated as an employee, including being entitled to correct W-2 tax reporting and withholdings and payments of employers' portion of FICA taxes, being entitled to certain specified benefits such as health and life insurance, short and long term disability benefits, vacation and sick pay, paid holidays and safety shoes.

62. Defendant breached its promise and did not provide the agreed upon benefits, withholdings or payments.

63. As a non-exempt employee, under his agreement with Defendant, Plaintiff was entitled to be paid wages for work in excess of forty hours in a week at one and one half times his regular rate.

64. Plaintiff has been damaged by Defendant's breach of contract and his damages were foreseeable.

WHEREFORE, Plaintiff demands judgment in his favor awarding compensatory damages and such other relief as the Court deems just.

**COUNT FIVE**

**PLAINTIFF CHRISTIAN DATH v. B.E. WALLACE**

**Breach of Contract – Denial Of W-2 Tax Status and Withholdings**

65. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

66. Plaintiff and Defendant B.E. Wallace entered into a binding contract supported by consideration that after his first ninety days of work, Defendant would treat him as an employee, not a 1099 independent contractor.

67. As an employee, Plaintiff was entitled to have his taxes withheld on his paycheck and paid to the IRS, and to have the employer pay the employer's portion of FICA taxes.

68. Defendant breached its promise and failed to make the appropriate withholdings and payments to state and federal taxing authorities.

69. As a direct result of Defendant's breach of contract, Plaintiff has suffered damages in the form of the cost of correcting incorrectly filed tax returns,

and/or filing unfiled tax returns, resulting in interest and penalties and other money due and owing to the IRS on Plaintiff's behalf.

70. Plaintiff's damages were the foreseeable result of Defendant's breach of contract.

WHEREFORE, Plaintiff demands judgment in his favor awarding compensatory damages and such other relief as the Court deems just.

**COUNT SIX**

**PLAINTIFF CHRISTIAN DATH v. B.E. WALLACE**

**Fraud**

71. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

72. Defendant made material false representations to Plaintiff concerning the legality and financial benefit of being paid as a 1099 contractor even though he was legally a common law employee.

73. Plaintiff relief on Defendant's false representations to his detriment and was damaged by them, including by being unable to file an accurate tax return for 2022-2025, by Defendant's failure to withhold taxes they were legally required to withhold, and by Defendant's failure to pay the employer's portion of FICA taxes due to the IRS.

74. As a direct result of Defendant's fraudulent misrepresentations, Plaintiff has suffered damages in the form of the cost of correcting incorrectly filed tax returns, and/or filing unfiled tax returns, resulting in interest and penalties and other money due and owing to the IRS on Plaintiff's behalf.

WHEREFORE, Plaintiff demands judgment in his favor awarding compensatory and punitive damages and such other relief as the Court deems just.

Respectfully submitted,

Date: October 5, 2026

By: */s/ M. Frances Ryan*

M. Frances Ryan
Validation of signature code: MFR1130
Attorney for Plaintiff
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way, Suite 403
Exton, PA 19341
(610) 594-1600
Email: mfrancesryan@wusinichsweeney.com